UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JONATHON COTTRELL,<br>    Plaintiff, | )<br>)<br>) | |
| vs. | ) | 1:10-cv-00941-LJM-TAB |
| MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>) | |

## **ENTRY ON JUDICIAL REVIEW**

Plaintiff, Jonathon Cottrell ("Cottrell"), requests judicial review of the final decision of Defendant, Michael J. Astrue, Commissioner of the Social Security Administration (the "Comissioner"), which found that Cottrell was not entitled to a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Court rules as follows.

## **I. BACKGROUND**

### **A. PROCEDURAL HISTORY**

On February 23, 2006, Cottrell protectively filed a Title II application for a period of disabilty, DIB and SSI. R. at 20. Cottrell alleged disability beginning November 1, 2005 in both applications. *Id.* On June 9, 2009, the Social Security Administration initially denied these claims, and on October 20, 2006, they were denied upon reconsideration. *Id.* On January 29, 2007, he filed a written request for a hearing. *Id.* On April 28, 2009, Cottrell, who was represented by an attorney, appeared and testified at a hearing held in Indianapolis, Indiana. *Id.* On August 25, 2009, Administrative Law Judge Stephen Davis

(the "ALJ"), rendered a decision denying Cottrell's claims. R. at 17. On June 15, 2010, the Appeals Council denied Cottrell's Request for Review. R. at 10-12. Cottrell now seeks judicial review of the ALJ's decision.

## B. MEDICAL HISTORY

Cottrell is a fifty-four year old man. R. at 487. He testified that his primary impairment, back pain, began in 1995. R. at 493. He worked until 2005. R. at 498. Cottrell alleged problems sitting or standing for more than thirty minutes at a time, lifting a gallon of milk, and using his hands. R. at 496, 498-99. Although Cottrell also alleged a mental impairment of depression, the only issue before the Court concerns the ALJ's treatment of the evidence surrounding Cottrell's back problems. Accordingly, the Court will limit its discussion of the facts to the evidence relating to Cottrell's back pain.

On June 6, 2006, Dr. Chang H. Yun completed a Statement of Medical Condition for the Food Stamp and Temporary Assistance for Needy Families Programs indicating moderate limitations for sitting and grasping and severe limitations for standing, walking, lifting, pushing/pulling and bending. R. at 216. Dr. Yun listed Cottrell's primary diagnosis as arthritis and indicated that Cottrell's condition limited him to twenty hours of work per week. *Id.* On August 18, 2006, Dr. Yun completed another Statement of Medical Condition for the Food Stamp and Temporary Assistance for Needy Families Programs indicating limitations on Cottrell's ability to sit, stand, walk, lift, grasp, push/pull, bend and other non-specified activities. R. at 202. Dr. Yun listed Cottrell's primary diagnosis as lower back pain and indicated that Cottrell could work zero hours per week. *Id.* Although Dr. Yun is listed as Cottrell's family physician on some medication and diagnostic test requests, R. at 193, 200-01, 207, 211-15, there is no evidence in the record that Dr. Yun physically

examined Cottrell, and there are no treatment notes from Dr. Yun in the record. Dr. Yun did order a colonoscopy for Cottrell's complaints of irritable bowel syndrom, R. at 203-04, and he prescribed Cottrell Zantac and Aciphex for reflux disease in August 2006, R. at 193, 201. In August 2006, Dr. Yun also ordered radiography of Cottrell's lumbar spine, which showed "mild concavity of the vertebral end plates" with good disk spacing and alignment. R. at 200.

On May 20, 2006, Dr. Gul Khan performed a physical examination of Cottrell at the request of the state agency. R. at 242-43. Cottrell reported back pain, arthritis in his knees and hands and pain in his left ankle. R. at 242. On exam, Cottrell was unable to squat or hop, unable to walk on heels or tip-toes, and he exhibited a reduced range of motion in his low back and left ankle. R. at 243-44. Cottrell's range of motion, reflexes and sensation, and muscle tone and strength were otherwise normal. *Id.* Further, Dr. Khan noted that Cottrell could walk without an assistive device. R. at 243. On June 6, 2006, a state agency physician affirmed Dr. Khan's opinion upon a review of the record. R. at 234-41. In October 2006, another state agency physician affirmed Dr. Khan's opinion upon a review of the record. *Id.*

In April 2007, spine radiographs showed that Cottrell's thoracic spine was normal and that he had mild degeneration in his lumbar spine. R. at 352-53. In August 2008, a third state agency physician reviewed all of the evidence and opined that Cottrell could perform light exertion work. R. at 143-50. Dr. Slavka Kucinska performed a physical examination on Cottrell and reported that his inspection of Cottrell's back was normal. R. at 381. He reported that Cottrell's back range of motion was normal in all axes and that his neurologic exam of Cottrell's back revealed normal motor, sensory and reflex testing. *Id.*

## II. DISABILITY AND STANDARD OF REVIEW

To be eligible for SSI and DIB, a claimant must have a disability under 42 U.S.C. § 423. "Disability" means the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423 (d)(1)(A). In determining whether a claimant is disabled, the ALJ applies a five-step process set forth in 20 C.F.R. § 404.1520(a)(4):

1. If the claimant is employed in substantial gainful activity, the claimant is not disabled.

2. If the claimant does not have a severe medically determinable physical or mental impairment or combination of impairments that meets the duration requirement, the claimant is not disabled.

3. If the claimant has an impairment that meets or is equal to an impairment listed in the appendix to this section and satisfies the duration requirement, the claimant is disabled.

4. If the claimant can still perform the claimant's past relevant work given the claimant's residual functional capacity, the claimant is not disabled.

5. If the claimant can perform other work given the claimant's residual functional capacity, age, education, and experience, the claimant is not disabled.

The burden of proof is on the claimant for the first four steps, then it shifts to the Commissioner at the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

The Social Security Act, specifically 42 U.S.C. §405(g), provides for judicial review of the Commissioner's denial of benefits. When the Appeals Council denies review of the

ALJ's findings, the ALJ's findings become findings of the Commissioner. *See, e.g.*, *Hendersen v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999). This Court will sustain the ALJ's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g); *Nelson v. Apfel*, 131 F.3d 1228, 1234 (7th Cir. 1999). In reviewing the ALJ's findings, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ. *Id.* While a scintilla of evidence is insufficient to support the ALJ's findings, the only evidence required is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). Further, "[a]n ALJ may not discuss only that evidence that favors his ultimate conclusion, but must articulate, at some minimum level, his analysis of the evidence to allow the [Court] to trace the path of his reasoning." *Diaz*, 55 F.3d at 307. An ALJ's articulation of his analysis "aids [the Court] in [its] review of whether the ALJ's decision was supported by substantial evidence." *Scott v. Heckler*, 768 F.2d 172, 179 (7th Cir. 1985).

### III. DISCUSSION

#### A. THE ALJ'S DECISION

At step one, the ALJ found that Cottrell had not engaged in substantial gainful activity since November 1, 2005. R. at 22. At step two, the ALJ found that Cottrell's

degenerative disk disease of the lumbar spine was a severe impairment. *Id.* At step three, the ALJ found that Cottrell did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. R. at 25. At step four, the ALJ found that Cottrell could sit stand and/or walk six hours of an eight hour work day, that he could push and/or pull objects weighing twenty pounds or less and that he could occasionally lift and carry twenty pounds and frequently lift and carry ten pounds. *Id.* This residual functional capacity ("RFC") allows Cottrell to perform the full range of light work. *Id.* In his determination of Cottrell's RFC, the ALJ stated that he assigned great weight to the opinion of the state agency medical consultants who concluded that Cottrell could preform a reduced range of light work activities. R. at 26. The ALJ noted that he modified those consultants' assessments to a full range of light work because of the clinical evidence of Cottrell's intact exertional functionality. *Id.* Using this RFC, the ALJ determined that Cottrell could not preform his past relevant work. R. at 29. At step five, the ALJ found that there are a significant number of jobs in the state economy that Cottrell can perform. R. at 30.

## B. COTTRELL'S ARGUMENT ON APPEAL

The sole issue Cottrell raises is whether the ALJ erred by failing to mention Dr. Yun's opinion in the his decision. Cottrell argues that because Dr. Yun is his treating physician, his opinion must be given special consideration and controlling weight if it is "not inconsistent" with the record. *See* Social Security Ruling 96-8p; *Lopez-Nevarro v. Barnhart*, 207 F. Supp. 2d 870, 885 (E.D. Wis. 2002). Cottrell argues that in ignoring Dr. Yun's opinion, the ALJ ignored substantial evidence contrary to his decision and, accordingly, did not base his decision on substantial evidence. *See Berger v. Astrue*, 516 F.3d 539, 544

6

(7th Cir. 2008) (noting that the ALJ "must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade").

The Commissioner argues that there is no support in the record for a finding that Dr. Yun was Cottrell's "treating physician" as the term is defined by the regulations because Dr. Yun was Plaintiff's family physician for only seven months and there are no treatment notes or evidence that Dr. Yun physically examined Cottrell in the record. *See* 20 C.F.R. § 404.1502 (defining a treating physician as one who provides the benefits applicant with medical treatment or evaluation and who has or has had an ongoing treatment relationship with the benefits applicant). The only evidence of Dr. Yun's treatment relationship with Cottrell in the record are the two check box forms that he filled out for the Food Stamp and Temporary Assistance for Needy Families Programs, a colonoscopy and lumbar spine radiography that he ordered, and prescriptions to treat Cottrell's reflux. R. at 193, 200-01, 203-04, 207, 211-16. In fact, the radiology Dr. Yun ordered of Cottrell's lumbar spine, directly contradicted Dr. Yun's indication that Cottrell could work zero hours per week and could not perform any work-related activities. R. at 202. It appears to the Court that even if Dr. Yun is Cottrell's treating physician, as defined by the regulations, his opinion as to Cottrell's degenerative disk disease is not entitled to controlling weight because it is inconsistent with the objective medical evidence of record. *See* 20 C.F.R. § 404.1527(d)(2) (providing that controlling weight is given to the treating physician opinion only if well supported by medically acceptable objective evidence and not inconsistent with other substantial evidence of record).

Although the ALJ should have explained why Dr. Yun's opinion did not persuade him, *Berger* 516 F.3d at 544, his failure to do so is harmless error. *Cf. Keys v. Barnhart*,

347 F.3d 990 (7th Cir. 2003) (noting that the doctrine of harmless error is fully applicable to judicial review of administrative decisions).  Dr. Yun's indication that Cottrell could work only twenty hours per week appears to be pulled out of thin air, as there is no objective medical evidence in the record on which it rests and no treatment notes explaining it.  R. at 216.  Further, Dr. Yun's later opinion that Cottrell could only work zero hours per week patently contradicts the objective diagnostic test that he ordered, which indicated that Cottrell's lumbar spine only showed "mild concavity of the vertebral end plates" with good disk spacing and alignment.  R. at 200.  Accordingly, not only because Dr. Yun's opinion about the severity of Cottrell's back problems was inconsistent with the opinions of three other doctors in the record but also because it was not supported by objective medical evidence, any error that the ALJ committed by not explaining his reasoning for not crediting Dr. Yun's opinion was harmless even if Dr. Yun is, under the regulations, Cottrell's treating physician.  *Cf. Schaaf v. Astrue*, 602 F.3d 864, 875 (7th Cir. 2010) (concluding that there where no medically acceptable objective evidence supported a treating physician's opinion the ALJ did not err in discrediting it).  Accordingly, the Commissioner's decision denying Cottrell a period of disability, DIB and SSI is **AFFIRMED**.

## IV. **CONCLUSION**

For the foregoing reasons, the final decision of the Commissioner of Social Security in this case is **AFFIRMED**. Judgment shall enter accordingly.

IT IS SO ORDERED dated this 6th day of April, 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Charles Julian Myers
cmyers7943@sbcglobal.net